UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**DIAMANTE LOVELL HOLLINS,**
    **Plaintiff,**                                 )
                                               )
v.                                             )        Case No. 25-2199
                                               )
**MACON COUNTY SHERIFF'S OFFICE,**    )
    **Defendant.**                              )

## **MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and incarcerated at Sheridan Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights during his arrest. (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### **ALLEGATIONS**

It is unclear who Plaintiff intended to name as a Defendant. In the case caption, Plaintiff included the Macon County Sheriff's Office as the only Defendant. (Doc. 1 at p. 1). When listing the parties to his lawsuit, however, Plaintiff listed "Sheriffs Deputies" as the sole Defendant. *Id.* at p. 2.

Plaintiff alleges the Macon County Sheriff's Office entered his dwelling and released a police dog on October 7, 2023. Plaintiff states he held his hands up, and the dog bit his arm and head. Plaintiff was taken to the hospital in Decatur for medical treatment. Plaintiff states that "they didn't give me a shot or anything they just patched me up and sent me to the county jail." *Id.* at p. 5. Plaintiff alleges he now has PTSD and anxiety and fears dogs.

## ANALYSIS

"In general, the use of excessive force to effect an arrest is evaluated under the Fourth Amendment reasonableness standard, assessing the objective facts which confronted an officer at the time and taking into account, 1) the severity of the crime at issue, 2) the immediate threat to the safety of the officers or others posed by the suspect, and 3) the resistance of the suspect, including active resistance or attempting to resist arrest by flight." *Tilson v. City of Elkhart, Ind.*, 317 F. Supp. 2d 861, 866 (N.D. Ind. 2003), *aff'd sub nom. Tilson v. City of Elkhart, Ind.*, 96 F. App'x 413 (7th Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386 (1989)). "The question in Fourth Amendment use of force cases is 'whether the officers' actions are objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Tilson*, 317 F. Supp. 2d at 866-67 (quoting *Graham*, 490 U.S. at 397) (defendants not liable for excessive force where police dog bit a fleeing suspect). "An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest." *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012) (citing *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009)).

Plaintiff's Complaint is too vague and does not provide the Court or the Defendants with adequate notice of his claims. Federal Rule of Civil Procedure 8 states a Complaint must include

"a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff did not include any specific allegations to demonstrate that unidentified Sheriff's deputies were personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Additionally, Plaintiff failed to state a claim against the Macon County Sheriff's Office, as he did not allege that the constitutional violation was caused by an official policy or custom of the Sheriff's Office. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978); *Pratt v. Marion Cnty. Sheriff*, No. 1:17-CV-2948-JMS-TAB, 2018 WL 1316565, at *3 (S.D. Ind. Mar. 14, 2018) (finding that plaintiff failed to state a § 1983 claim against Sheriff's Office).

Therefore, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8 and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Plaintiff is given leave to file an Amended Complaint within 30 days of this Order. His Amended Complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe.

Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments

are not accepted. Failure to file a timely Amended Complaint will result in the dismissal of this case with prejudice.

## MOTION TO REQUEST COUNSEL

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655. Plaintiff did not explain what attempts he made to find an attorney. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is DENIED with leave to renew.

**IT IS THEREFORE ORDERED:**

**1)   Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8 and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Failure to file a timely Amended Complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2)   Plaintiff's Motion to Request Counsel [5] is DENIED.**

ENTERED:  7/29/2025

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge